UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILAIRE LUBIN,<br><br>            Plaintiff,<br><br>    v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.<br>            Defendant. | Civil Action No.: 1:21-cv-10182-PBS |

**ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
<u>COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**I.   INTRODUCTION**

In this insurance coverage dispute, Plaintiff seeks to recover benefits under a homeowners insurance policy ("the Policy") issued by Defendant Allstate Vehicle and Property Insurance Company ("Allstate") for a property allegedly owned by Plaintiff and located at 640 Oakhill Avenue, Attleboro, MA ("Property").  Following a fire at the Property, Allstate declined to provide coverage for the loss when it discovered that Plaintiff did not reside at the Property, and that the Property was occupied by tenants.

Plaintiff's action against Allstate sounds in four counts:  Breach of Contract (Count I); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II); Negligence (Count III); and Violation of M.G.L. c.93A ("Chapter 93A") (Count IV).  (ECF No. 10, First Amended Complaint ("Compl.")).  In each of these counts, Plaintiff alleges that Allstate has breached its obligations under the Policy by (1) failing to provide coverage under the policy for Plaintiff's losses and (2) failing to conform the language of the policy to M.G.L. c. 175, § 99, the Massachusetts Standard Fire Insurance Policy.

Counts II and III should be dismissed for two reasons.  First, Plaintiff has failed to plausibly allege that Allstate breached the implied covenant of good faith and fair dealing in Count II, as the factual allegations track the breach of contract claim in Count I without the requisite elements of bad faith.  Second, Plaintiff's negligence claim in Count III is barred by the economic loss doctrine, as the factual allegations track the breach of contract claim in Count I, and the only damages alleged are monetary in nature.  Accordingly, Counts II and III should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     RELEVANT FACTUAL ALLEGATIONS & BACKGROUND

Plaintiff alleges that he is the owner of a property located at 640 Oakhill Ave, Attleboro, MA (the "Property").[1]  (Compl., ¶¶ 3, 5).  Plaintiff alleges that on or about April 1, 2020, a fire occurred at the Property, resulting in damage to the Property and personal property contained therein (the "Loss").  (*Id*., ¶¶ 9, 11).  Plaintiff alleges that at the time of the Loss, Allstate insured the Property under the Policy.  (*Id.*, ¶¶ 6-8).  Plaintiff submitted a claim arising from the Loss to Allstate (the "Claim")  (*Id*., ¶ 13).  Allstate denied the Claim. (*Id*., ¶ 20).

Plaintiff disputes Allstate's coverage determination, and seeks recovery for the Loss under the Policy.  (*Id.,* ¶¶ 20-28).  Plaintiff also alleges that Allstate has failed to provide "a reasonable basis for its refusal to honor the Claim"; "to conduct a reasonable investigation of the Claim"; and "to present . . . any estimate of the [Loss], whether covered or not."  (*Id.,* ¶¶ 30-35).  Plaintiff claims that Allstate "continues to refuse to acknowledge" what he characterizes as "the plain omissions and mistakes made in [Allstate's] adjustment process and within the written findings

---

[1]  Plaintiff does ***not*** allege that he resided at the Property at all relevant times, which is a critical issue in this coverage dispute.  Plaintiff disputes Allstate's interpretation of the Policy term "residence premises," and alleges that the Property served as Plaintiff's primary residence when the Policy was applied for.  (Compl, ¶¶ 62-68).

published to [Plaintiff]" and that Allstate's actions are "willful, reckless, deceptive, unfair, and in bad faith." (*Id*. ¶¶ 40-42).

Plaintiff claims that the Policy does not conform with M.G.L. c. 175, § 99, which, *inter alia*, sets forth the Massachusetts Standard Fire Insurance Policy. (*Id*., ¶ 49). Plaintiff also claims that "[u]pon information and belief" Allstate has failed to comply with M.G.L. c. 175, § 2B, governing the requirements for approval of policy forms by the Commissioner of Insurance. (*Id*., ¶ 51). Plaintiff further alleges that Allstate failed to disclose to him that "if, at any time during the Policy Period, [Plaintiff] were to relocate his residence from the Property, on this basis alone, [Allstate] would thereafter refuse to provide coverage for any otherwise covered losses—including loss caused by an accidental fire." (*Id.*, ¶ 54). Plaintiff states that Allstate's "actions and inactions" violated M.G.L. c. 176D, and that he presented Allstate with a written demand for settlement pursuant to M.G.L. c. 93A, §§ 2 & 9, dated December 7, 2020 ("93A Demand Letter").[2] (*Id.*, ¶¶ 76-78). Plaintiff further alleges that Allstate's response, dated December 30, 2020, did not include any offer of settlement, but merely reaffirmed Allstate's coverage position. (*Id.*).

Plaintiff purports to allege four causes of action against Allstate. Count I alleges breach of contract on the grounds that Allstate has failed to (1) fully indemnify Plaintiff for damage and losses covered by the Policy and (2) conform coverage afforded by the Policy to the provisions of M.G.L. c. 175, § 99. (*Id.*, ¶¶ 78-82). Count II purports to assert a claim for breach of the implied covenant of good faith and fair dealing ("bad faith"), and similarly alleges that Allstate has (1) breached this implied obligation under the Policy by "obstruct[ing], disrupt[ing], and frustrat[ing]

---

[2] The language of the 93A Demand Letter largely tracks the language of the Amended Complaint, and alleges that Allstate has "(i) mischaracterized quoted portions of its Policy's insuring agreement as conditions and/or exclusions when the Policy fails to identify them as either; (ii) improperly and unreasonably relied upon vague, ambiguous, indefinite, and inherently unreliable language that is itself incompatible with M.G.L.c.175, §99, to impermissibly deny coverage to my client; (iii) failed to fairly acknowledge applicable common law that control's the issue at hand; and (iv) failed to follow statutory mandates and formalities." (Compl., Ex. A, p. 2).

the adjustment process" through its failure to compensate Plaintiff, and (2) failed to conform Policy coverage to the provisions of M.G.L. c. 175, § 99. (*Id*., ¶¶87-90). Count III purports to assert a claim for negligence, predicated on the contention that Allstate had a duty to (1) inform Plaintiff that it was "intending to sell [him] a policy that did not conform to [M.G.L .c. 175, § 99]," and (2) to "reasonably inform and ensure" that the Plaintiff was aware that "in the event his residence had changed, [Allstate] would refuse, on that basis, to provide any coverage for a fire loss. . . ." (*Id*., ¶¶ 91-95). Finally, Count IV claims that Allstate violated M.G.L. c. 93A. (*Id.*, ¶¶ 96-103).

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations of the complaint. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, (quoting *Twombly*, 550 U.S. at 557); *see also Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010). Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). As such, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Cayo v. Fitzpatrick*,

No. CIV.A. 13-30113-TSH, 2015 WL 1307319, at *1 (D. Mass. Mar. 24, 2015) (quoting *Ocasio–Hernàndez v. Fortuño–Burset*, 640 F.3d 1, 13 (1st Cir. 2011)).

**III.    ARGUMENT**

    **A.    Plaintiff Has Not Plausibly Alleged that Allstate Breached the Implied Covenant of Good Faith and Fair Dealing As Alleged In Count II.**

Plaintiff's bad faith claim should be dismissed because the allegations in Count II of the Amended Complaint do not establish bad faith as a matter of law. Massachusetts courts have recognized that bad faith "is not simply bad judgment. It is not merely negligence. . . . It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will.'" *Holden v. Barry*, No. 20-CV-10357-RWZ, 2020 WL 6806661, at *3 (D. Mass. Nov. 19, 2020) (citing *McCabe v. City of Lynn*, 875 F. Supp. 53, 63 (D. Mass. 1995), rev'd sub nom. *McCabe v. Life-Line Ambulance Serv., Inc.*, 77 F.3d 540 (1st Cir. 1996)). In other words, the "[l]ack of good faith carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through motive of self-interest or ill will." (Internal quotation marks omitted) *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 238 (1st Cir. 2013); *see also Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation*, 424 Mass. 430, 454, 677 N.E.2d 127 (1997), (bad faith "carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through motive of self-interest or ill will" (quoting *Hartford Acc. & Indem. Co. v. Millis Roofing & Sheet Metal, Inc.*, 11 Mass. App. Ct. 998, 999-1000, 418 N.E.2d 645 (1981)); *Bank of Am., N.A. v. Prestige Imports, Inc.*, 75 Mass. App. Ct. 741, 754, 917 N.E.2d 207, 218 (Mass. App. Ct. 2009) ("Massachusetts law has consistently defined 'bad faith' with a . . . focus on the subjective, specifically on knowing and purposeful misbehavior.") In the context of an insurance dispute, courts have similarly recognized that "[t]he fact that an insurer contests coverage, without more, is not sufficient to prove a breach of the implied covenant of good faith and fair dealing,

5

even if the insurer's position proves to be incorrect." *NextSun Energy Littleton, LLC v. Acadia Ins. Co.*, No. CV 18-11180-FDS, 2020 WL 5821630, at *16 (D. Mass. Sept. 30, 2020).

Here, Plaintiff alleges that by failing to cover his loss, Allstate has "failed to deal fairly" with him and has "obstructed, disrupted and frustrated the adjustment process." (Compl. ¶¶ 87-88). Plaintiff further claims that by denying coverage based upon the language of the Policy's Insuring Agreement requiring Plaintiff to inform Allstate "of any change in title, use or occupancy in the residence premises," Allstate has "failed to conform the coverage afforded by the Policy to the provisions of M.G.L. c. 175 § 99." (Compl., ¶¶ 55-57, 89).

Plaintiff's allegations in support of his bad faith claim echo almost verbatim those contained in Plaintiff's breach of contract count claim, with the only difference being the inclusion of conclusory language such as "unfairly and willfully" and "without basis or justification." (Compl., ¶ 88). However, "[a] mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action." *Mitchell v. U.S. Airways, Inc.*, 858 F. Supp. 2d 137, 147 (D. Mass. 2012), aff'd sub nom. *Brown v. United Airlines, Inc.*, 720 F.3d 60 (1st Cir. 2013) (*citing Ashcroft*, 129 S. Ct. at 1949–50). There are no *factual* allegations contained in Count II that state a plausible claim for a breach of the implied covenant of good faith and fair dealing. Plaintiff does not claim that Allstate acted with dishonest purpose, conscious doing of wrong, or had a motive of self-interest or ill will. Plaintiff's *factual* statements allege nothing more than a coverage dispute over Allstate's interpretation and application of the Policy. Accordingly, Count II fails to allege a claim of a breach of the implied covenant of good faith and fair dealing, and should be dismissed.

**B.     The Economic Loss Doctrine Bars Plaintiff's Negligence Claim in Count III.**

In Count III, Plaintiff purports to assert a claim of negligence based upon Allstate's purported breach of a duty to (1) "reasonably inform" Plaintiff that, in the event his residence changed, Allstate would deny coverage; and (2) inform Plaintiff that it "was intending to sell to the Plaintiff a policy that did not conform to Massachusetts law." (Compl., ¶ 84). Plaintiff claims that by breaching its alleged duty, he has "sustained extensive damages and grievous harm." (*Id.*, ¶ 86). But the only damages identified in the Complaint stem from Allstate's refusal to indemnify Plaintiff for his claimed financial loss. These economic damages alone are insufficient to support Plaintiff's negligence claim.

In Massachusetts, "claims of negligence and breach of implied warranties are strict liability claims, which in the absence of personal injury or property damage, are barred by the economic loss doctrine." *Hooper v. Davis-Standard Corp.*, 482 F. Supp. 2d 157, 159 (D. Mass. 2007). The economic loss doctrine recognizes that "contract law is better suited than tort law to deal with purely economic loss cases." *MacDonald v. Old Republic Nat. Title Ins. Co.*, 882 F. Supp. 2d 236, 245 (D. Mass. 2012). Generally, where a plaintiff may recover economic losses under a contract, a cause of action for negligence or gross negligence will not survive. *Id.*; *see also Fisher v. Kadant, Inc.*, No. CV 07-12375-JLT, 2008 WL 11389384, at *5 (D. Mass. Nov. 19, 2008), *aff'd,* 589 F.3d 505 (1st Cir. 2009) (holding that because Plaintiffs only allege pecuniary damages, "the economic loss doctrine bars Plaintiffs' negligence and gross negligence claims"). Thus, where a Plaintiff's claim for negligence or gross negligence fails to allege that the defendant's actions caused him personal injury or physical damage to his property, the economic loss doctrine bars recovery in tort. *F.M.R. Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993); *see also Unum Grp. v. Benefit P'ship, Inc.*, 938 F. Supp. 2d 177, 187 (D. Mass. 2013) (when damages alleged are measured by

and limited to terms of the contract, tort claim will not be allowed); *Pedersen v. Hart Ins. Agency, Inc.*, No. CIV. 10-10922-NMG, 2011 WL 4970920, at *1 (D. Mass. Oct. 18, 2011) (economic loss doctrine barred the plaintiffs' negligence claim because "they assert no injuries other than 'excessive premiums'"); *Nationwide Mut. Ins. Co. v. Spinal Imaging, Inc.*, No. CV 08-11073-DPW, 2012 WL 13049325, *7 (D. Mass. Sept. 28, 2012) (dismissing the plaintiff insurer's negligence claim for a fraudulent billing scheme, finding that "Massachusetts law provides that, in negligence actions, purely economic losses are unrecoverable in the absence of personal injury or property damage").

Here, Count II of the Complaint fails to allege that Allstate's conduct caused Plaintiff *any* form of bodily injury or property damage. Rather, Plaintiff seeks only monetary damages based on the benefits he claims he is entitled to receive under the Policy. (Compl. ¶¶ 91-93). The damages alleged under Count II are identical to those alleged under Count I, the breach of contract claim. (*Id.*, ¶¶ 86, 95). Accordingly, the economic loss doctrine bars Plaintiff's purported claim for negligence, and Count II should be dismissed.

## IV.     CONCLUSION

In Counts II and III of the First Amended Complaint, alleging breach of the implied covenant of good faith and fair dealing and negligence, respectively, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In Count II, Plaintiff has merely restated his breach of contract claim and added conclusory allegations of bad faith. But he has failed to plausibly allege the *facts* necessary under Massachusetts law to support these claims. Plaintiff's negligence claim in Count III is barred by the economic loss

doctrine, as the factual allegations track the breach of contract claim in Count I, and the only damages alleged are monetary in nature.

Accordingly, for the foregoing reasons, Allstate Vehicle and Property Insurance Company respectfully requests that the Court grant its motion to dismiss Counts II and III of the First Amended Complaint for failure to state a claim upon which relief can be granted.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

*/s/ Jessica A.R. Hamilton*
Raymond T. DeMeo
Jessica A. R. Hamilton
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Phone:  860-275-8200
Fax:  860-275-8299
jhamilton@rc.com
BBO # 686341

Dated:  April 14, 2021

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned counsel hereby certifies that on April 13, 2021, in accordance with Local Rule 7.1(a)(2), I contacted Jason E. Cohn, counsel for the Plaintiff, by email and telephone to discuss the grounds for Defendant's motion to dismiss. Based on that discussion, Allstate agreed to narrow the scope of its motion to dismiss. The issues raised in the motion as filed represent the issues that could not be resolved or eliminated during counsel's discussion.

*/s/ Raymond T. DeMeo*
Raymond T. DeMeo

**CERTIFICATE OF SERVICE**

I, Jessica A.R. Hamilton, hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 14th day of April, 2021.

*/s/ Jessica A.R. Hamilton*
Jessica A.R. Hamilton